┌─────────────────────────────────────────────────────┐
│           **NOT FOR PUBLICATION WITHOUT THE**           │
│          **APPROVAL OF THE APPELLATE DIVISION**         │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│  parties in the case and its use in other cases is limited. R. 1:36-3. │
└─────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2585-16T4

DONNA CHINN and THOMAS MCGEE,

    Plaintiffs-Appellants,

v.

STEPHEN SNYDER, ESQ., SNYDER &
SNYDER, MADELINE HOUSTON, ESQ.,
and HOUSTON & TOTARO,

    Defendants-Respondents.

_____

        Argued May 15, 2018 — Decided July 11, 2018

        Before Judges Carroll and DeAlmeida.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Docket No. L-6629-
        15.

        Kenneth S. Thyne argued the cause for
        appellant (Roper & Thyne, LLC, attorneys;
        Kenneth S. Thyne, on the brief).

        Marshall D. Bilder argued the cause for
        respondents Stephen Snyder, Esq. and Snyder
        and Snyder (Eckert Seamans Cherin & Mellott,
        LLC, attorneys; Marshall D. Bilder, of counsel
        and on the brief).

        Madeline Houston, respondent, argued the cause
        pro se and for respondent Houston & Totaro.

PER CURIAM

Plaintiffs Donna Chinn and Thomas McGee appeal orders dismissing their purported class action legal malpractice claims with and without prejudice pursuant to Rule 4:23-5(a)(1) and (2) for failure to produce discovery, denying reconsideration of those orders, and denying their motion to reinstate their amended complaint. We affirm.

## I.

Plaintiffs' arguments must be considered in light of the complex procedural history in the trial court.

On September 21, 2015, Chinn and McGee filed a putative class action complaint in the Law Division alleging legal malpractice and related claims against attorneys who represented them in a multi-county consolidated matter alleging employment discrimination against Prudential Life Insurance Company (Prudential). Plaintiffs claimed that they, and certain other Prudential employees and agents, settled their employment discrimination claims on a compromised basis because of, among other things, the alleged negligence of their attorneys, defendants Stephen Snyder, Esq., and his firm, Snyder & Snyder (collectively Snyder), and Madeline Houston, Esq., and her firm, Houston & Totaro (collectively Houston).

On November 2, 2015, plaintiffs filed an amended complaint refining their claims, but naming no new parties. Both the complaint and the amended complaint were filed by Edward R. Grossi, Esq., as counsel for plaintiffs.

On December 10, 2015, Houston served discovery requests on plaintiffs by way of service on Grossi. On February 5, 2016, Snyder served discovery requests on plaintiffs by way of service on Grossi.

On February 11, 2016, Houston notified Grossi in writing that plaintiffs' responses to Houston's discovery requests were overdue, and, if responses were not received promptly, a motion to dismiss the amended complaint would be forthcoming.

On March 21, 2016, Roper & Thyne, LLC (Roper) filed a notice of appearance as co-counsel for plaintiffs.

On April 5, 2016, Houston moved to disqualify Roper as plaintiffs' counsel based on conflicts of interest arising from its involvement in the Prudential matter.

On April 7, 2016, Snyder advised Grossi and Roper that plaintiffs' responses to Snyder's discovery requests were overdue, and, if responses were not received in seven days, Snyder would move for relief.

On April 12, 2016, Snyder moved to disqualify Grossi and Roper as plaintiffs' counsel based on conflicts of interest arising

from their involvement in the Prudential matter, and in a separate fee dispute arising from the Prudential matter.

On April 14, 2016, Grossi informed Snyder's counsel to expect plaintiffs' discovery responses in a week. Plaintiffs, however, failed to respond to Snyder's discovery requests.

On May 13, 2016, the trial court granted defendants' motions to disqualify Grossi and Roper as plaintiffs' counsel.

On July 8, 2016, the trial court denied Roper's motion for reconsideration of the disqualification order.

On July 13, 2016, plaintiffs retained Scott Piekarsky, Esq., to represent them. However, Piekarsky did not file a substitution of counsel until October 6, 2016, almost three months later. Piekarsky's representation of plaintiffs was unknown to defendants' counsel until October 6, 2016.

On July 27, 2016, Houston's counsel, unaware of Piekarsky's representation of plaintiffs, sent letters to plaintiffs at the addresses in the amended complaint via first-class, regular mail and certified mail, return receipt requested. The letters advised plaintiffs that their responses to Houston's discovery requests were overdue, and that if responses were not received by August 19, 2016, Houston would move to dismiss the amended complaint.

Houston's counsel received a signed return receipt card establishing Chinn's receipt of the July 27, 2016 letter. The

letter sent to Chinn by regular mail on July 27, 2016, was not returned. The letter sent to McGee on July 27, 2016, by certified mail was returned unclaimed. The letter sent to McGee on July 27, 2016, by regular mail was not returned.

On July 29, 2016, Snyder's counsel, similarly unaware of Piekarsky's representation of plaintiffs, sent letters to plaintiffs at the addresses in the amended complaint via first-class, regular mail, and certified mail, return receipt requested. The letters advised plaintiffs that their responses to Snyder's discovery requests were overdue, and that if responses were not received by August 15, 2016, Snyder would move to dismiss the amended complaint. Copies of the discovery requests were enclosed.

Snyder's counsel received a signed return receipt card establishing Chinn's receipt of the July 29, 2016 letter. The letter sent to Chinn by regular mail on July 29, 2016, was not returned. The letter sent to McGee on July 29, 2016, by certified mail was returned unclaimed. The letter sent to McGee on July 29, 2016, by regular mail was not returned.

On August 29, 2016, Houston moved to dismiss the amended complaint without prejudice pursuant to Rule 4:23-5(a)(1) for plaintiffs' failure to respond to Houston's discovery requests. Because Piekarsky had not yet filed a substitution of counsel, Houston's counsel served the motion on plaintiffs at the addresses

in the amended complaint by first-class, regular mail, and certified mail, return receipt requested. The certified mail sent to both plaintiffs was returned unclaimed. The regular mail sent to both plaintiffs was not returned.

On September 6, 2016, Snyder moved to dismiss the amended complaint without prejudice pursuant to Rule 4:23-5(a)(1) for plaintiffs' failure to respond to Snyder's discovery requests. Because Piekarsky had not yet filed a substitution of counsel, Snyder's counsel served the motion on plaintiffs at the addresses in the amended complaint by first-class, regular mail, and certified mail, return receipt requested. The certified mail sent to both plaintiffs was returned unclaimed. The regular mail sent to both plaintiffs was not returned. It is undisputed that when they filed their motions to dismiss the amended complaint without prejudice defendants were not delinquent with respect to the discovery requests served on them.

On September 16, 2016, the trial court granted Houston's unopposed motion to dismiss the amended complaint without prejudice pursuant to Rule 4:23-5(a)(1) for failure to respond to Houston's discovery requests.

On September 22, 2016, Houston's counsel served a copy of the trial court's September 16, 2016 order, along with the notice to pro se parties required by Rule 4:23-5(a)(1), on plaintiffs at the

addresses in the amended complaint by first-class, regular mail, and certified mail, return receipt requested. The certified mail sent to McGee was returned unclaimed. The certified mail sent to Chinn was returned marked "Attempted — Not Known." The regular mail sent to both plaintiffs was not returned.

On September 30, 2016, the trial court granted Snyder's motion to dismiss the amended complaint without prejudice pursuant to Rule 4:23-5(a)(1) for failure to respond to Snyder's discovery requests. The court also dismissed plaintiffs' purported class action claims with prejudice because no counsel of record had appeared on behalf of plaintiffs.

On October 6, 2016, Snyder's counsel served a copy of the trial court's September 30, 2016 order, along with the notice to pro se parties required by Rule 4:23-5(a)(1), on plaintiffs at the addresses in the amended complaint by first-class, regular mail and certified mail, return receipt requested. The certified mail sent to both plaintiffs was returned unclaimed. The regular mail sent to both plaintiffs was not returned.

Also on October 6, 2016, Piekarsky filed a substitution of counsel notifying defendants that he represented plaintiffs. Upon receipt of a copy of the substitution, Snyder's counsel emailed a copy of the trial court's September 30, 2016 order to Piekarsky.

On October 10, 2016, Snyder's counsel emailed Piekarsky a copy of the motion papers that resulted in entry of the September 30, 2016 order.

On October 11, 2016, Houston moved to disqualify Piekarsky as plaintiffs' counsel. The trial court granted the motion on November 4, 2016.

On November 16, 2016, Houston moved to dismiss the amended complaint with prejudice pursuant to Rule 4:23-5(a)(2). Houston's counsel served the motion papers, along with the notice to pro se parties required by the Rule, on plaintiffs at the addresses in the amended complaint by first-class, regular mail, and certified mail, return receipt requested.

On November 29, 2016, Snyder moved to dismiss the amended complaint with prejudice pursuant to Rule 4:23-5(a)(2). Snyder's counsel served the motion papers, along with the notice to pro se parties required by the Rule, on plaintiffs at the addresses in the amended complaint by first-class, regular mail, and certified mail, return receipt requested.

The certified mail sent to McGee was returned unclaimed, and to Chinn was returned undelivered. The regular mail sent to both plaintiffs was not returned.

On December 9, 2016, the court sent a notice to each plaintiff notifying them that they were required to appear on December 16,

2016, the return date of the motions. The notices were sent by first-class, regular mail to the same addresses to which defendants had sent all prior mail to plaintiffs. McGee admits receiving the court's notice.

On December 15, 2016, after business hours, Michael J. Epstein, Esq., sent defendants' counsel an email stating that he had been retained by plaintiffs. Epstein stated that he intended to appear on plaintiffs' behalf the next day to seek an adjournment of defendants' motions to permit him to complete plaintiffs' discovery responses and move to reinstate the amended complaint.[1]

---

[1] Plaintiffs included in their appendix a letter dated November 28, 2016, from Piekarsky to Epstein enclosing Piekarsky's files on this matter and stating that "[m]ost time sensitive at this point is to get discovery to the defense and seek to restore the claim (sic) action status. The related orders are attached." This letter contradicts plaintiffs' argument that Epstein was "unaware that the case had been dismissed without prejudice" when he received the files, and that the "[o]rder dismissing the Complaint (sic) was not served upon prior counsel and was not received by either substitute counsel." Moreover, the letter contradicts the January 31, 2017 certification Epstein submitted to the trial court in which he certified that Piekarsky "did not inform me that the case had been dismissed," and that he "only learned about the Motion shortly before the return date." The November 28, 2016 letter is not part of the trial court record and plaintiffs did not move to supplement the record prior to including the letter in their appendix. R. 2:5-5. Given the relevance of the letter, we sua sponte grant leave to supplement the record with the letter. Because plaintiffs did not move to supplement the record, we will not consider the other documents that are not part of the trial court record, but were included in the plaintiffs' appendix. Hisenaj v. Keuhner, 194 N.J. 6, 25 (2008).

On December 16, 2016, Epstein appeared on the return date of the motions. Although the court had directed plaintiffs to appear in person, they did not do so. Epstein requested an adjournment of the motions. He stated that he possessed responses to Houston's discovery requests, but was still compiling responses to Snyder's requests. Epstein did not produce any discovery responses. Notably, Epstein did not argue that plaintiffs had not received notice of defendants' motions, or that they were unaware that the amended complaint had been dismissed without prejudice. This is significant because plaintiffs made those claims a few weeks later in a motion for reconsideration.

On December 16, 2016, the trial court granted defendants' motions to dismiss the amended complaint with prejudice. The court concluded that all of the prerequisites for dismissal with prejudice under Rule 4:23-5(a)(2) had been met, that Epstein was "not denying" that those prerequisites had been met, that plaintiffs had not moved to reinstate the amended complaint, or produced fully responsive discovery, and that no exceptional circumstances warranted adjournment of defendants' motions. Importantly, the court found that plaintiffs received notice of the dismissal of the amended complaint without prejudice, and of defendants' motions to dismiss with prejudice. Finally, the court concluded that there was "no adequate sanction to alleviate the

prejudice suffered by the long period of time and the failure of the plaintiffs to comply with discovery obligations."

On January 10, 2017, plaintiffs moved for reconsideration of the trial court's December 16, 2016 orders dismissing the amended complaint with prejudice, and for reinstatement of the amended complaint. In support of the motions, plaintiffs submitted certifications denying that they had received any of the mail sent to them by defendants' counsel. In his certification, McGee admitted receiving notices from the postal service that "certain documents" had been sent to him by certified mail. He certified that when he went to retrieve the certified mail, it had been returned because he "had not picked up the mail quickly enough." McGee certified that the first notice he had of the dismissal of his amended complaint was the court's December 9, 2016 letter.

In Chinn's certification, she denied receiving any correspondence from defendants' counsel or the court. She certified that she moved to 6115 Tidewater Drive in Norfolk, Virginia, the address to which defendants' counsel sent all correspondence, in July 2016. Yet, the complaint, filed in September 2015, states that Chinn resides at 6115 Tidewater Drive, Norfolk, Virginia. Chinn certified that she "continued to receive mail forwarded from [her] prior attorneys," but "never received any mail forwarded from the Defendants indicating my case was

going to be dismissed."  It is not clear why Chinn refers to forwarded mail when all mail sent to her by defendants' counsel was to the Tidewater Drive address, thus obviating the need for forwarding by the postal service.  The motions were accompanied by what plaintiffs characterized as fully responsive answers to defendants' discovery requests.

On February 3, 2017, the trial court denied plaintiffs' motions for reconsideration and to reinstate the amended complaint.  The trial court placed its findings of fact and conclusions of law for both motions on the record.  Plaintiffs did not file a transcript of the court's February 3, 2017 oral decision.  As a result, it is not possible to ascertain from the record the reason for the trial judge's decisions.[2]

This appeal followed.  Plaintiffs appeal the September 16, and September 30, 2016 orders dismissing the amended complaint without prejudice, the December 16, 2016 orders dismissing the amended complaint with prejudice, and the February 3, 2017 order denying their motion for reconsideration of the December 16, 2016 orders.  They also challenge the February 3, 2017 order denying their motion to reinstate the amended complaint.

---

[2]  The order denying the motion for reconsideration appears to have been erroneously dated January 3, 2017.  We assume the order was dated February 3, 2017, the date of the court's decision.

II.

We review the trial court's dismissal of plaintiffs' amended complaint for failure to provide discovery for abuse of discretion. A&M Farm & Garden Ctr. v. Am. Sprinkler Mech., LLC, 423 N.J. Super. 528, 534 (App. Div. 2012). Generally, we "defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017).

Rule 4:23-5(a) provides a two-step procedure for parties to request the dismissal of an opposing party's pleading for failure to provide discovery. First, "the party entitled to discovery may . . . move, on notice, for an order dismissing or suppressing the pleading of the delinquent party." R. 4:23-5(a)(1). The judge may then order the delinquent party's pleading be dismissed without prejudice. Ibid.

Second, if the delinquent party fails to cure the outstanding discovery deficiencies within sixty days of the order, the moving party may request the court to dismiss the delinquent party's pleading with prejudice. R. 4:23-5(a)(2). The motion

> shall be granted unless a motion to vacate the
> previously entered order of dismissal or
> suppression without prejudice has been filed
> by the delinquent party and either the
> demanded and fully responsive discovery has

13

been provided or exceptional circumstances are demonstrated.

[Ibid.]

Exceptional circumstances may be shown when an external factor, such as bad health or an emergency, prevented a party's discovery obligations from being met. Rodriquez v. Luciano, 277 N.J. Super. 109, 112 (App. Div. 1994) (citing Suarez v. Sumitomo Chem. Co., 256 N.J. Super. 683, 688-89 (Law Div. 1991)). Parties must pay "meticulous attention to" the "critical prescriptions" of the Rule. Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 376-77 (App. Div. 1992).

Having carefully reviewed the record in light of the procedural requirements of Rule 4:23-5(a)(1) and (2), and the applicable legal standards, we conclude that the trial court did not abuse its discretion when entering the orders under appeal. Those orders are addressed in turn.

A. September 16, 2016 and September 30, 2016 Orders Dismissing the Amended Complaint without Prejudice.

Defendants' motions to dismiss the amended complaint without prejudice pursuant to Rule 4:23-5(a)(1) were unopposed. The record reveals that defendants' motion papers included proof of service of their motions on plaintiffs, and that their discovery requests, which had been served on Grossi prior to his disqualification, more than eight months prior to the filing of defendants' motions,

14                                                                        A-2585-16T4

had gone unanswered. There is ample support for the trial court's conclusion that the requirements of the <u>Rule</u> had been met.

We are not persuaded by plaintiffs' argument that defendants improperly took advantage of plaintiffs by moving to dismiss the amended complaint without prejudice after the disqualification of Grossi and Roper. Grossi was aware of the delinquent discovery prior to his disqualification, having emailed Snyder's counsel on April 14, 2016, promising that plaintiffs' discovery responses would be forthcoming in a week. He had an adequate opportunity to respond to the discovery requests prior to his disqualification.

In addition, when defendants moved to dismiss the amended complaint without prejudice plaintiffs were represented by counsel. Piekarsky was retained by plaintiffs on July 13, 2016, more than a month before the first motion. For unexplained reasons, he did not file a notice of appearance until October 6, 2016, after the amended complaint had been dismissed without prejudice. Upon receipt of a copy of the substitution of counsel on October 6, 2016, Snyder's counsel emailed a copy of the September 30, 2016 order to Piekarsky. A few days later, he emailed him a copy of the motion papers that resulted in entry of the September 30, 2016 order. There is nothing in the record

supporting the proposition that defendants' counsel attempted to exclude Piekarsky from being notified of the motions to dismiss.[3]

B.   December 16, 2016 Orders Dismissing the Amended Complaint with Prejudice.

We also conclude that the trial court did not abuse its discretion when it dismissed the amended complaint with prejudice. The trial court record established that defendants satisfied all of the requirements of Rule 4:23-5(a)(2).  Orders dismissing the amended complaint without prejudice had been entered more than sixty days prior to the filing of the motions.  Defendants produced proof of service of the motions, as well as proof of service of the notices to pro se parties required by the Rule.  As noted above, where the prerequisites have been met

> [t]he motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.
>
> [R. 4:23-5(a)(2).]

---

[3]   In their motion for reconsideration of the September 16, 2016, and September 30, 2016 orders plaintiffs claim, for the first time, that they did not receive notice of defendants' motions to dismiss the amended complaint without prejudice.  We address the February 3, 2017 order denying their motion for reconsideration below.

On the return date of the motions, plaintiffs had not moved to vacate the previously entered orders dismissing the amended complaint. Instead, their attorney, Epstein, who had been retained by plaintiffs almost three weeks earlier (before Snyder's motion to dismiss with prejudice had even been filed), but who had not filed a notice of appearance, appeared on the return date of the motions seeking an adjournment. The plain text of the Rule requires dismissal with prejudice in the absence of a motion by the delinquent party to vacate the prior dismissal orders. Although plaintiffs' counsel argued that his clients had demonstrated extraordinary circumstances for not providing their discovery responses, such a showing would be relevant only if plaintiffs had moved to vacate the prior orders.

Notably, Epstein did not produce plaintiffs' discovery responses on the return date of the motion, but argued that he could complete them in as little as one week if necessary. He did not explain why, after having been informed by Piekarsky in writing nearly three weeks before the return date of the motions that the amended complaint had been dismissed, he did not complete plaintiffs' discovery responses prior to appearing in court. We cannot say that the trial court abused its discretion in these circumstances.

C.  <u>February 7, 2017 Order Denying Reconsideration, and February 7, 2017 Order Denying Motion to Reinstate Amended Complaint.</u>

Plaintiffs raised a number of arguments in a motion for reconsideration of the orders of the trial court resulting in the dismissal of the amended complaint with and without prejudice. Those arguments included that plaintiffs were unaware of the defendants' motions because they received none of the regular mail sent to them by either defendant's counsel on numerous occasions at the addresses for plaintiffs in the amended complaint, that they were either unaware of certified mail sent to them, or failed to retrieve such mail despite notices from the postal service, and that they were unduly disadvantaged by the fact that their counsel had been disqualified, even though they were represented by attorneys for several months during which discovery responses could have been provided, including a three-month period during which their attorney did not file a substitution of counsel, leaving the court and defendants with the impression that plaintiffs were appearing pro se.

The trial court placed its findings of fact and conclusions of law with respect to plaintiffs' motion for reconsideration on the record on February 3, 2017. Plaintiffs did not file a copy of the transcript of the February 3, 2017 proceedings, contrary to <u>Rule</u> 2:5-3(b). We are, therefore, unable to review the reasons

given by the trial court for denying plaintiffs' motion, and decline to entertain plaintiffs' arguments.  <u>Cipala v. Lincoln Tech. Inst.</u>, 179 N.J. 45, 49, 55 (2004).[4]  The same is true for plaintiffs' motion to reinstate the amended complaint, which was also decided in an oral opinion delivered on February 3, 2017.

In light of our decision affirming the dismissal of the amended complaint with prejudice, we need not reach plaintiffs' challenge to the orders concerning disqualification of counsel.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4]  Plaintiffs' transcript request form, filed with their notice of appeal, did not request a transcript of the February 3, 2017 proceedings.  Houston's brief pointed out the absence from the record of the February 3, 2017 transcript.  As far as we can discern from the record, plaintiffs took no steps to cure this deficiency.  We also note that plaintiffs cite several unpublished opinions without an indication by counsel of compliance with <u>Rule</u> 1:36-3.  We do not rely on those opinions.

A-2585-16T4